IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

In the Matter of:

Timothy and Jill Koenig,

(Chapter 7)

Debtors.                                            Case No. 14-14446

## MEMORANDUM DECISION

Debtors Timothy and Jill Koenig filed a chapter 7 bankruptcy on October 16, 2014, and claim exemptions in three annuity accounts pursuant to Wis. Stat. § 815.18(3)(j). The trustee objects, relying on Wis. Stat. § 815.18(3)(f). Parties stipulated that the only issue in dispute is a legal one concerning the interpretation of Wis. Stat. § 815.18(3)(j); in particular, its requirement that exempt annuities comply with the provisions of the Internal Revenue Code. Debtors argue their annuities comply with Internal Revenue Code § 72, which governs tax deferral. The trustee argues the annuities must comply with Internal Revenue Code §§ 401-409, which cover various retirement plans.

Wis. Stat. § 815.18(3)(j) allows a debtor to exempt retirement benefits if the following requirements are met:

> 1. Assets held or amounts payable under any retirement, pension, disability, death benefit, stock bonus, profit sharing plan, annuity, individual retirement account, individual retirement annuity, Keogh, 401-K or similar plan or contract providing benefits by reason of age, illness, disability, death or length of service and payments made to the debtor therefrom.

1

> 2. The plan or contract must meet one of the following requirements:
>
> a. The plan or contract complies with the provisions of the internal revenue code.
>
> ….

Wis. Stat. § 815.18(3)(j)(parts omitted).

In 2003, the Wisconsin State Legislature added another annuity exemption:

> 2. Except as provided in subd. 3. and par. (j), any unmatured life insurance or annuity contract owned by the debtor and insuring the debtor, the debtor's dependent, or an individual of whom the debtor is a dependent, other than a credit life insurance contract, and the debtor's aggregate interest, not to exceed $150,000 in value, in any accrued dividends, interest, or loan value of all unmatured life insurance or annuity contracts owned by the debtor and insuring the debtor, the debtor's dependent, or an individual of whom the debtor is a dependent.
>
> 3. a. If the life insurance or annuity contract was issued less than 24 months before the applicable date, the exemption under this paragraph may not exceed $4,000.

Wis. Stat. Ann. § 815.18(3)(f)(parts omitted). The legislature also defined an annuity, in Wis. Stat. § 815.18(2)(am), as "a series of payments made payable during the life of the annuitant or during a specific period." Debtors do not seek exemption of their annuities under Wis. Stat. § 815.18(3)(f).

Parties agree that, except for compliance with the Internal Revenue Code, the annuities at issue generally meet the requirements of § 815.18(3)(f) and (3)(j). If the annuities do not comply with the Internal Revenue Code, the debtors might still exempt them under (3)(f).

Wis. Stat. § 815.18(3)(j) does not define "compliance with the internal revenue code". Wisconsin bankruptcy courts, however, have consistently found that compliance with § 72 of the Internal Revenue Code was enough to meet the requirement of Wis. Stat. § 815.18(3)(j)(2)(a). *In*

2

re Bronk, 775 F.3d 871, ft. n. 5 (7th Cir. 2015)("See e.g., In re Woller, 483 B.R. 886, 900–01 (Bankr. W.D.Wis. 2012) ("The Wisconsin legislature did not expressly mandate compliance with the requirements of §§ 401–409 of the IRC (which cover pension, profit-sharing, stock bonus, and other retirement plans), and the Court will not write such a requirement into the exemption statute."); In re Vangen, 334 B.R. 241, 244 (Bankr. W.D.Wis. 2005) ("All that is required for an annuity to be exempt under this section is that it qualify for tax-deferred status under the Federal Internal Revenue Code."); In re Bogue, 240 B.R. 742, 746 (Bankr. E.D.Wis. 1999) ("The Wisconsin retirement benefits exemption statute does not limit its application to 'traditional' retirement plans, 'qualified' annuities, or annuities which comply with IRC §§ 401–409."); In re Bruski, 226 B.R. 422, 424 (Bankr. W.D.Wis. 1998) ("It is not whether the annuity is taxable in accordance with the code, but whether the tax is deferred in accordance with the code. If so, the annuity qualifies for the exemption.")").

When the legislature amended § (3)(f) to add annuities, it included the language "except as provided in subd. 3. and par. (j)" to signal that (3)(f) was aimed at annuities that one could not exempt under (3)(j). The trustee wants to read into this language a legislative intent to exclude annuities under (3)(j) that do not comply with §§ 401-409 of the Internal Revenue Code. In support he cites In re Bronk, 775 F.3d 871, 878 (7th Cir. 2015).

In In re Bronk, the United States Court of Appeals for the Seventh Circuit, expressed discomfort with the prevailing view that a debtor need only comply with Internal Revenue Code § 72:

> To qualify for full exemption as a "retirement benefit," a
> retirement product must be either employer sponsored or
> "compl[y] with the provisions of the internal revenue code."
> § 815.18(3)(j)2.a. Bronk's annuity is not employer sponsored, so it
> must comply with the Internal Revenue Code to be exempt under

> section 815.18(3)(j). What it means to comply with the Internal Revenue Code is an important legal question not clearly answered by the text of the statute.
>
> One possible meaning is that the retirement product must comply with Internal Revenue Code §§ 401–409, which govern tax treatment of certain retirement plans. But Wisconsin bankruptcy courts have uniformly interpreted the exemption as simply requiring that an annuity be tax deferred under Internal Revenue Code § 72. This approach originated prior to the addition of annuities to the life-insurance exemption in section 815.18(3)(f) in 2003, and we question whether it survives the change in the law. Many annuities that have nothing to do with retirement in fact provide benefits by reason of age or death, and if the requirement that an annuity comply with the Internal Revenue Code means only that it be tax deferred, a large swath of nonretirement annuities may fall under section 815.18(3)(j), making the annuity exemption under section 815.18(3)(f) largely redundant.
>
> Despite these reservations, we do not reach the question whether Bronk's annuity "complies with" the Internal Revenue Code as required by section 815.18(3)(j)2.a.

*In re Bronk*, 775 F.3d at 878.

At this time, no other court has discussed the effect of the Seventh Circuit's dicta but bankruptcy courts that have interpreted Wis. Stat. § 815.18(3)(j) after the 2003 amendment of § 815.18(3)(f) continued to follow the prevailing view:

> The Wollers note that this annuity complies with section 72 of the IRC, a fact that the trustee does not appear to dispute. It is also structured to provide payments over time and is envisioned as a mechanism to provide the debtors with something for later in life. It is a retirement annuity that satisfies the requirements of the IRC regarding the deferral of taxes. The Wisconsin legislature did not expressly mandate compliance with the requirements of §§ 401–409 of the IRC (which cover pension, profit-sharing, stock bonus, *901 and other retirement plans), and the Court will not write such a requirement into the exemption statute. Bruski, 226 B.R. at 425: see also In re Bogue, 240 B.R. 742, 746 (Bankr.E.D.Wis.1999) ("The Wisconsin retirement benefits exemption statute does not limit its application to 'traditional' retirement plans, 'qualified' annuities, or annuities which comply with IRC §§ 401–409.").

4

> Given that phrases like "by reason of" or "on account of" can have different meanings, it is sufficient that the annuity was acquired with retirement in mind and that it contemplates the payment of benefits structured over a period of time. Bogue, 240 B.R. at 749.23

*In re Woller*, 483 B.R. at 900-01. Courts continue to follow this view because the Wisconsin legislature has not expressly mandated compliance with the requirements of §§ 401-409.

The trustee speculates that the legislature was unaware of the prevailing interpretation of § 815.18(3)(j) when it amended (3)(f). But, that proves nothing. This court has a duty to construe the exemptions broadly. See Wis. Stat. § 815.18(1).

> "[T]he Wisconsin Supreme Court explains that: It is well settled that exemption laws must have a liberal construction, within the limits contemplated by the legislature, so as to secure their full benefit to the debtor, in order to advance the humane purpose of preserving to the unfortunate or improvident debtor and his family the means of obtaining a livelihood and thus prevent him from becoming a charge upon the public. Julius, 214 Wis. at 649. This principle is now codified in Wis. Stat. § 815.18(1)."

*Bronk v. Cirilli,* No. 11-CV-172-WMC, 2012 WL 12012746, at *5 (W.D. Wis. Sept. 28, 2012) aff'd in part, rev'd in part sub nom. *In re Bronk*, 775 F.3d 871 (7th Cir. 2015). Sustaining the trustee's objection requires narrowly construing the exemption statute despite the fact that the liberal construction is the prevailing interpretation.

The trustee's main motivation for objecting may be his belief that the debtors created the annuity to keep the funds from the bankruptcy estate. If so, he could have lodged an objection under Wis. Stat. § 815.18(10). *In re Woller*, 483 B.R. at 901 ("However, an otherwise valid exemption may still be denied under Wis. Stat. § 815.18(10) if the debtor is found to have "procured, concealed, or transferred assets with the intention of defrauding creditors." See *In re Vangen,* 334 B.R. 241, 246 (Bankr. W.D. Wis. 2005); *In re Przybylski,* 340 B.R. 624 (Bankr.

5

E.D. Wis.2006).") Nothing has been presented that compels an abandonment of the prevailing view of the courts in Wisconsin. Accordingly, the trustee's objection is overruled. It may be so ordered.

Dated: July 13, 2015

ROBERT D. MARTIN
UNITED STATES BANKRUPTCY JUDGE